Rogers *vs.* Payne, &c.                     Pet. Equity.

ERROR TO LOUISVILLE CHANCERY COURT.          Case 35.

1. Property was conveyed to E. E. P., wife of W. D. P., and such children as she then had or might have, and to the *survivors* or *survivor* of them. Held, that by this conveyance a life estate passed to E. E. P., and that the words *survivors* or *survivor* applies only to the children, who at the death of the mother took the estate.

Judge Simpson delivered the opinion of the court.          September 30.

Property, both real and personal, was conveyed in trust for the separate use of Emiline E. Payne, wife of W. D. Payne, and such children as she then had or might have, and to the survivors or survivor of them.

The question is, what interest did the mother acquire under this conveyance? Did she have a mere life estate in the property, or did she take a fee simple estate in any portion thereof?

If the words survivors or survivor of them, apply to both mother and children as a single class, then, as the mother has died, leaving children surviving, her interest has terminated by her death, and the whole estate has passed to the survivors. If, however, the words apply to both mother and children, not as a single class, but as constituting two classes, the children being one and the mother the other, then, if the children had all died in the lifetime of the mother, she would have taken the whole estate as "survivor," but as she died first, the estate passed to the children in being at the time of her death, and they took it as "survivors."

The only other construction of which the language is susceptible is, that the words "survivors or survivor of them," refer to the children alone, and not to the mother. If this be the true construction, what interest then, did the mother take? She did not take any certain definite joint interest with the children then in existence, because the unborn children, if there should be any, would also be entitled to an interest in the estate. If the donor intended these words to apply

Property was conveyed to E. E. P., wife of W. D. P., and such children as she then had or might have, and to the *survivors* or *survivor* of them. Held, that by this conveyance a life estate passed to E. E. P., and that the words *survivors* or *survivor* applies only to the children who at the death of the mother took the estate.

ROGERS
vs.
PAYNE, &c.

alone to the children, then it seems to us, that his design was, and such is the true construction of the instrument, that the mother should have the whole of the estate during her life and at her death it should pass to the children or child then surviving, as "survivors," if more than one, and as "survivor" if one only.   This disposition of the estate is such as would naturally have suggested itself to the mind of the donor as reasonable and proper; and the conclusion that such was his object, is strongly fortified by that clause in the conveyance, which authorized the trustees, on the request of the mother alone, to sell any part of the estate, holding the proceeds, for the same uses and trusts that the estate before the sale was subject to.

A construction of the instrument, that would apply the words referred to, to the children alone, or to the mother and children jointly, and make the estate conveyed merely a life interest in the children, until it passed to the survivor of the whole of them, although barely allowable according to a mere literal interpretation of the language used, would be so unnatural in its consequences, and so repugnant to the presumed intention of the donor, who was the father of the children, as to be wholly inadmissible.   By such a construction the interest of one of the children in the estate, instead of passing to his children upon his death, would pass to his surviving brothers and sisters, and so on, until the whole of the estate would vest in the last and sole survivor.   Such a disposition of the estate could not have been contemplated by the donor when he executed the deed, and would be utterly repugnant to his feelings as a father.

According then to any admissible construction of the instrument in question, the mother had only a life estate under it, and consequently her interest having terminated by her death, the property is not subject to the payment of her debts.

Wherefore, the judgment of the chancellor is affirmed.

Speed & Worthington for plaintiff; Ballard for defendants.

